UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Elaine Ziolkowski Fibranz,

Plaintiff,

vs. MINUTE ORDER

Georgian Ziolkowski Bachmann,

Defendant. Civ. No. 02-856 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of November, 2002.

* * *

On November 15, 2002, the Court heard argument on the Plaintiff's informal Motion for a Protective Order, that would continue the taking of the deposition of Lyle Fibranz ("Fibranz"), who is the Plaintiff's former husband, until some later date. See, Rule 26(c)(2), Federal Rules of Civil Procedure. At the time of the expedited telephonic Hearing on the Motion, the Plaintiff appeared pro se, and the Defendant appeared by C. Nicholas Vogel, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, the deposition of Fibranz shall proceed as scheduled, with as much accommodation for the Plaintiff's circumstances as is feasible.

FILED NOV 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Counsel for the Defendant initially scheduled the Fibranz deposition to occur on November 6, 2002, but the Plaintiff found that date unacceptable. Fibranz, who resides in Alaska, is in the District of Minnesota in order to hunt with his mother, during this State's deer hunting season. Given his presence in this District, the Defendant wishes to depose Fibranz, for discovery and, apparently, for Trial purposes, in order to record the recollections of Fibranz as they relate to a land transaction, which serves as the focal point for this litigation. According to counsel for the Defendant, Fibranz's relevant knowledge is not substantial, and his deposition should consume no more than one-half hour. The Plaintiff lives in Alaska, and the Defendant does not oppose the Plaintiff's appearance at the deposition by telephone.

The deposition on November 6 was scheduled to commence at 12:00 o'clock a.m., which translates to 9:00 o'clock a.m., in the time zone in which the Plaintiff resides. The Plaintiff objected to the date for the Fibranz deposition, and the deposition did not proceed, as an accommodation to the Plaintiff. Counsel for the Defendant transmitted by mail, on November 6, 2002, a Deposition Notice which rescheduled the Fibranz deposition for November 16, 2002, at 10:30 a.m., when Fibranz was scheduled to return through Fargo, North Dakota, in order to fly back to Alaska. Defense counsel has offices in Fargo. Apparently, the Plaintiff did not

receive the noticed rescheduling of Fibranz's deposition until November 13, 2002, at which time she moved to continue the deposition.[1]

According to the Plaintiff who, as noted, represents herself in these proceedings, she is employed by a telephone company and is unable to take time off -- apart from sick leave, etc. -- unless the time is scheduled one month in advance. The Plaintiff informed counsel for the Defendant that she was working on the date, and at the time set for the rescheduled deposition, but that she could make time available on November 13, and 20, 2002 -- dates when Fibranz was either unavailable, or was back in Alaska. Given his limited stay in this District, and his intended purpose of being in this District to deer hunt with his 80-year-old mother, Fibranz was unwilling to have his deposition taken on November 13.

In a Reply to the Defendant's Response to her Motion, which is dated November 14, 2002,the Plaintiff advised that her schedule is more flexible than as previously related, since she also holds part-time employment as a legal secretary, which allows her greater

[1]Ironically, the Plaintiff assumed that, when she did not hear whether the deposition had proceeded on November 6, she assumed that the deposition had been taken in her absence, but she did not file any formal objection, predicated on that assumption, nor did she seek to obtain a Protective Order, prior to the taking of that deposition.

flexibility in scheduling matters.[2] In her Reply, the Plaintiff also "suggested that the deposition of Lyle Fibranz be taken telephonically earlier on the morning of November 16, 2002, at 8:30 a.m., or 9:00 a.m. CST (which is 5:30 a.m. or 6:00 a.m. AST)," or be taken after Fibranz returns to Alaska. At the time of the Hearing, however, the Plaintiff appeared less accommodating and, when counsel for the Defendant suggested an earlier time at which to commence the deposition on November 16, the Plaintiff rejected those accommodations, as she would be preparing for work.

As we related to the Plaintiff, she commenced this litigation in this District, and is subject to the same discovery deadline of January 31, 2003, as is the Defendant. The Defendant has a right to take a deposition of a witness in person, and that right was effectuated when Fibranz appeared in this District, and agreed to a deposition. The case will not proceed to Trial, in compliance with the Court's Pretrial Order, if all schedulings are constrained by the Plaintiff's work schedule. While the Court expects that parties to litigation will make efforts to accommodate each other, when attempts at accommodation are unsuccessful, they may properly

[2]We remind the Plaintiff to familiarize herself with our Local Rules as replies are not permitted on nondispositive Motions. See, D. Minn. LR7.1(a). In this instance, given the Plaintiff's representation of herself, and the absence of any objection from the Defendant, we have considered the Plaintiff's Reply in ruling on the Motion presented.

insist upon their rights under Federal substantive and procedural law. We directed the Defendant to undertake two approaches as a further accommodation to the Plaintiff: 1) Notices to the Plaintiff should be transmitted to her via a telefacsimile to the law office at which she is employed;[3] and 2) Defense counsel should continue to seek to accommodate the Plaintiff's work schedule to the extent feasible. However, when accommodation is not feasible, then we insist that the progression of this case take precedence to other conflicts in the litigants' schedules, apart from those which are not subject to human control.

Since we are wholly satisfied that the Plaintiff is able to accommodate the taking of Fibranz's deposition on November 16 -- a deposition that is not scheduled to consume more than one-half hour -- we direct that the deposition proceed as scheduled, but we further direct that the Defendant attempt to arrange the deposition at an earlier time than was previously scheduled, so as to accommodate the Plaintiff's work schedule, to the extent feasible.

NOW, THEREFORE, It is --

---

[3]Given the time lag in postal service to Alaska, we employ this means of effectuating as prompt a form of written notice as is techologically available. We do not absolve the Defendant from also effecting service by mail, but a telefacsimile will obviate the seven-day delay evidenced in this case. Obviously, defense counsel, and the Plaintiff, should continue in their communications by telephone so as to avoid any unnecessary delays.

ORDERED:

The Plaintiff's informal Motion for a Protective Order, which would preclude the taking of the deposition of Lyle Fibranz on November 16, 2002, is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE