UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elaine Ziolkowski Fibranz,

Plaintiff,

v.

Georgian Ziolkowski Bachmann,

Respondent.

Civil No. 02-856 (DWF/RLE)

**ORDER AND MEMORANDUM**

---

Jeffrey D. Skonseng, Esq., Krekelbert & Skonseng, 213 Mill Street South, Fergus Falls, MN 56537, counsel for Plaintiff.

Elaine Ziolkowski Fibranz, *Pro Se*, P.O. Box 190911, Anchorage, AK 99519, Plaintiff.

M. Daniel Vogel, Esq., Vogel Law Firm, P.O. Box 1389, Fargo, ND 58107-1389, and C. Nicholas Vogel (Not Admitted), counsel for Defendant.

---

This matter is before the Court upon Plaintiff's objections to Magistrate Judge Raymond L. Erickson's Report and Recommendation dated April 16, 2003, recommending that the Defendant's motion for summary judgment be granted. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court having reviewed the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Raymond L. Erickson's Report and Recommendation dated April 16, 2003 (Doc. No. 38), is **ADOPTED**.

JUN 17 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 17 2003
DEPUTY CLERK

2. Plaintiff's objections to the Report and Recommendation (Doc. No. 41) are **OVERRULED**.

3. Defendant's motion for summary judgment (Doc. No. 23) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 17, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Admittedly, the issue of diligence in discovering fraud frequently raises questions of fact which are unsuitable for summary judgment. However, when the evidence leaves no room for a reasonable difference of opinion, the Court may properly resolve fact issues as a matter of law. *Veldhuizen v. A. O. Smith Corp.*, 839 F. Supp. 669, 675 (D. Minn. 1993). Viewing the record before the Court in the light most favorable to Plaintiff, Elaine Ziolkowski Fibranz, the Court is compelled to conclude, as did Magistrate Judge Erickson, that in the exercise of reasonable diligence, Plaintiff should have discovered the purported fraud and any alleged breaches of trust prior to April 23, 1996. It is clear to this Court that no reasonable jury could conclude otherwise.

Defendant's counsel suggests that because neither party has requested a jury trial in this case, the only fact-finder would be a Magistrate Judge or a Judge. The Court simply notes that the result is the same, regardless of whether this case is heard by the Court or by a jury. Moreover, the result is the same with or without the untimely affidavit that was filed in response to the motion for summary judgment. Plainly, Plaintiff should have discovered the purported fraud, and any alleged breaches of trust, well before April 23, 1996.

Although the Court does not assess credibility at the summary judgment stage, the Court finds that much of Plaintiff's argument is flawed. Notably, Plaintiff's argument is flawed with respect to the motive for the transfer of Plaintiff's interest in the property back to her parents and the question of whether or not Defendant persuaded her to make that transfer. Plaintiff suggests that this transfer was done in large part to protect and preserve the property from Plaintiff's husband because of a pending divorce. However, any reasonable construction of Chapter 518 of the Minnesota Statutes would establish that it is a rare dissolution case in the State of Minnesota where a divorcing spouse would have access to either an interest in such a farm or its cash equivalent. This property was nonmarital property under Chapter 518, then and now. This is just one example of a record that does not support the Plaintiff's position in any manner.

While it is unseemly at best when two sisters fight over their parents' property, it is within the realm of possibility, as Plaintiff suggests, that the Defendant has performed an unconscionable act by going against the wishes of her parents and stealing a half interest in the farm from her sister (their daughter). However, nothing in the record supports that inference or conclusion.

For the reasons stated, Defendant's motion for summary judgment is granted.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this noticc is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filcd.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*